UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OLIN LEVY, | No. C-11-06615 (DMR) |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM** |
| v. | |
| AT&T, | |
| Defendant(s). | |

On December 22, 2011, Plaintiff filed this action *pro se* in conjunction with an Application to Proceed *in Forma Pauperis* ("IFP Application"). [Docket Nos. 1-2.] In his complaint, Plaintiff states that Defendant AT&T Corporation failed to publish his advertisement in its December 2011-2012 Yellow Pages phone book. He seeks $227.5 billion in damages.

After reviewing Plaintiff's IFP Application, the court determines that Plaintiff meets the financial requirements of 28 U.S.C. § 1915. The court therefore GRANTS the application. The court nevertheless must dismiss Plaintiff's complaint pursuant to § 1915(e)(2)(B)(ii), because it fails to state a claim upon which relief can be granted. Even taking into account the court's duty to construe *pro se* pleadings liberally, *see Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir.2003), the court cannot discern a cognizable legal claim based on Defendant's alleged mere refusal to not

publish Plaintiff's advertisement in the style and with the content that he desired.  The court therefore dismisses Plaintiff's complaint without prejudice.[1]

     IT IS SO ORDERED.

Dated:  January 26, 2012



_____
DONNA M. RYU
United States Magistrate Judge

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1).  However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. 11-CV-8271, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (not reported in F. Supp. 2d) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C-10-4470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss . . . action . . . as frivolous without consent of defendants because defendants not yet served and therefore not parties).